IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mustapha Cham,<br><br>                Petitioner,<br><br>vs.<br><br>Jon M. Gurule,<br><br>                Respondent. | CIV-14-1938-PHX-DJH (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:

Petitioner Mustapha Cham (A099-831-106), who is confined in Corrections Corporation of America's Central Arizona Detention Center in Florence, Arizona, has filed a *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and a Memorandum of Points and Authorities (Doc. 2). Petitioner has also filed a pleading entitled "motion for immediate release" (Doc. 12), which is duplicative of his habeas petition.

In his § 2241 Petition, Petitioner alleges that immigration officials are holding him in detention pending his removal to Gambia. Petitioner argues that he is entitled to supervised release from custody because his detention is not authorized by law because there is no prospect that his removal will be effected in the reasonably foreseeable future. See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may

1  not detain the alien for more than the presumptively reasonable period of six months); Clark
2  v. Martinez, 543 U.S. 371 (2005) (extending the holding in Zadvydas to inadmissible aliens).
3  He also contends that his ongoing detention violates the Supremacy Clause and violates the
4  International Covenant on Civil and Political Rights.

5       On December 31, 2014, Respondent filed a Notice to Court and Suggestion of
6  Mootness indicating that on December 3, 2014, Petitioner was granted release from ICE
7  custody pursuant to the Government's Order of Supervision.  (Doc. 15, Exh. 1.)  "[A]
8  petitioner's release from detention under an order of supervision 'moots his challenge to the
9  legality of his extended detention.'"  Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007)
10 (quoting Riley v. INS, 310 F.3d 1253, 1256-57 (10th Cir. 2002)).  The Court having reviewed
11 the record, and it appearing that Petitioner is no longer in custody and that there is no longer
12 a live case or controversy in this matter, ordered Petitioner to show cause why this action
13 should not be dismissed as moot.

14      To date, Petitioner has not responded or otherwise communicated with the Court, and
15 the time for filing a response to the Court's Order has expired.

16      Accordingly, it appearing that the relief requested in Petitioner's habeas petition has
17 been granted, and that the habeas petition is now moot and should, therefore, be dismissed,
18 the Court will recommend that Petitioner's Petition for a Writ of Habeas Corpus be
19 dismissed.

20      **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for a Writ of
21 Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** as moot and without
22 prejudice.

23      This recommendation is not an order that is immediately appealable to the Ninth
24 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
25 Appellate Procedure, should not be filed until entry of the district court's judgment.  The
26 parties shall have fourteen days from the date of service of a copy of this recommendation
27 within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1);

28

1  Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen
2  days within which to file a response to the objections. Failure timely to file objections to the
3  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
4  and Recommendation by the district court without further review. See <u>United States v.</u>
5  <u>Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any
6  factual determinations of the Magistrate Judge will be considered a waiver of a party's right
7  to appellate review of the findings of fact in an order or judgment entered pursuant to the
8  Magistrate Judge's recommendation. <u>See</u> Rule 72, Federal Rules of Civil Procedure.

DATED this 23rd day of January, 2015.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge